UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **M. PATRICIA CANTU and ROBERTO CANTU,** §§§§<br>*Plaintiffs* | |
| **v.** §§ | |
| **AUSTIN POLICE DEPARTMENT, MICHAEL JOSEPH, JACOB BEIROWSKI, ROBERT MATTINGLY, LUIS ALBERTO CAMACHO, III, KYLE PETERSON, JULIAN PADRO-MARTIN, and CHRISTOPHER J. KNODEL,** §§§§§§§§§§<br>*Defendants* | Case No. 1:21-CV-00084-LY-SH |

**O R D E R**

Before the Court are Defendant Officers' Motion for Summary Judgment (Dkt. 57); Motion for Summary Judgment by City of Austin and Defendants Padro-Martin and Knodel (Dkt. 58); Plaintiff's Unopposed Amended Motion to Reconsider the Partial Granting of the Agreed Motion to Amend the Scheduling Order, filed March 29, 2023 (Dkt. 67); and the associated response and reply briefs.[1]

Under the original scheduling order, discovery closed on September 15, 2022, and the dispositive motions deadline was November 15, 2022. Dkt. 37. By Text Order entered November 10, 2022, the Court granted Defendants' unopposed motion to reset the summary judgment deadline to November 30, 2022, and Defendants timely filed their motions for summary

---

[1] On April 30, 2021, the District Court referred all motions in this case to the undersigned Magistrate Judge for resolution or Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 23.

1

judgment that day. The Court then granted Plaintiffs' unopposed motion to file their response brief by January 4, 2023. *See* Text Order entered December 13, 2022.

Before Plaintiffs filed their response, on December 23, 2022, the parties filed an Agreed Motion to Amend Scheduling Order asking the District Court to extend the discovery deadline by 80 days – until March 13, 2023 – and the dispositive motion deadline to March 28, 2023. Dkt. 61. In the Agreed Motion, the parties stated that they had been unable to complete discovery, but "have been working diligently to coordinate depositions to allow the parties to prepare for trial, motions for summary judgment, and adequately respond to motions for summary judgment." *Id.* at 1. The parties further stated: "Plaintiffs agree the defendants can amend the pending summary judgment after the deposition are conducted." *Id.* While the Agreed Motion was pending, Plaintiffs filed a response to Defendants' summary judgment motions on January 5, 2023, in which they characterized the Agreed Motion as a motion for discovery under Rule 56(d). Dkt. 63 at 3.

By Text Order entered March 22, 2023, the District Court granted in part and denied in part the Agreed Motion, extending the dispositive motion deadline to March 28, 2023. Now, Plaintiffs again ask the Court to extend the discovery deadline by 80 days and defer considering Defendants' summary judgment motions. Dkt. 67 at 3. Plaintiffs state that they "have not had the opportunity to conduct key depositions, namely of the individuals on the shooting scene." Dkt. 67 at 2. Defendants do not oppose the motion. Dkt. 67 at 4.

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

The Court finds that Plaintiffs have met their burden under Rule 56(d) for additional discovery. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355 (5th Cir. 1989) (holding that party seeking additional discovery met burden where it outlined areas of discovery needed to respond to summary judgment motion); *Tillman v. Steadfast Ins. Co.*, No. 5:20-CV-1204-DAE, 2021 WL 1137241, at *2 (W.D. Tex. Feb. 11, 2021) (granting Rule 56(d) motion where parties had not conducted discovery "to avoid the possibility of an improvident grant of summary judgment" and dismissing motion for summary judgment without prejudice to refiling). In addition, the parties have agreed that Defendants may amend their motions for summary judgment after further discovery, which will render the pending motions moot. The Court also finds that the parties have shown good cause to modify the current scheduling order under Rule 16(b)(4).

For these reasons, Defendant Officers' Motion for Summary Judgment (Dkt. 57) and Motion for Summary Judgment by City of Austin and Defendants Padro-Martin and Knodel (Dkt. 58) are hereby **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Unopposed Amended Motion to Reconsider the Partial Granting of the Agreed Motion to Amend the Scheduling Order (Dkt. 67) is **GRANTED IN PART**. The parties shall complete all discovery by **June 20, 2023** and file any dispositive motions by **July 5, 2023**.

**SIGNED** on March 29, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE